<u>NOT FOR PUBLICATION</u>                                  [Docket Nos. 15, 17]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

GREER RAYMOND,

        Plaintiff,

  v.

BARRY CALLEBAUT, U.S.A., LLC,
BARRY CALLEBAUT AG, and COCOA
BARRY U.S., INC.,

        Defendants.

Civil No. 11-2368 RMB/KMW

**OPINION**

Greer Raymond
61 Grayson Circle
Willingboro, NJ 08046
    *Pro Se* Plaintiff

Matthew Jeremy Bass
Robert A. Badman
Curtin & Heefner, LLP
250 N. Pennsylvania Ave.
Morrisville, PA 19067
    Attorneys for Defendants

    **BUMB**, United States District Judge:

    Plaintiff Greer Raymond (the "Plaintiff") claims that Defendants Barry Callebaut, U.S.A., LLC, Barry Callebaut AG, and Cocoa Barry U.S., Inc. (the "Defendants") improperly denied her benefits from her 401(k) account.  Defendants have moved for

dismissal of Plaintiff's Amended Complaint. For the reasons that follow, Defendants' motion to dismiss is **ADMINISTRATIVELY TERMINATED**, pending further clarification by Plaintiff as set forth below.

I. Background[1]

Plaintiff was employed by Defendants from June of 1991 until she was terminated in May of 1997. Am. Compl. ¶ 6. While Plaintiff was employed by Defendants, she contributed to a 401(k) plan. Am. Compl. ¶ 6. In 1997, following her termination, Plaintiff received notification from the Internal Revenue Service ("IRS") that a distribution was made to her from her 401(k) account. Am. Compl. ¶ 6. Plaintiff apparently ignored this notice believing that her money remained invested in her 401(k) account. Am. Compl., Ex. B.

On March 7, 2011, Plaintiff filed a Complaint in New Jersey Superior Court, alleging state causes of action against Defendants. On April 26, 2011, Defendants removed the action to this Court. [Docket No. 1]. Defendants subsequently moved for dismissal and this Court granted Defendants' motion based on the conclusory nature of Plaintiff's Complaint and because of Plaintiff's failure to name the 401(k) plan as a defendant.

---

[1] The allegations contained in Plaintiff's Amended Complaint are accepted as true for purposes of the motion to dismiss.

[Docket Nos. 4, 13]. Plaintiff then filed an Amended Complaint on September 15, 2011. Defendants have again moved to dismiss. [Docket No. 15]. They assert dismissal is warranted on two grounds: (1) failure to include the 401(k) plan as a defendant; and (2) because Plaintiff's Amended Complaint is time-barred.

II. Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262-63, n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (internal quotation marks omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 556 U.S. at 663.

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (citations omitted).

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009)(" . . . [A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

III. Analysis

    The Amended Complaint does little to address the factual deficiencies the Court noted at oral argument on the motion to dismiss the original Complaint.  This Court still has great difficulty discerning the nature of Plaintiff's claims.  That difficulty is compounded by the fact that the Amended Complaint does not articulate any specific legal theory, only that Plaintiff "did not receive her 401(k) distribution." Am. Compl. ¶ 6.  Mindful of Plaintiff's *pro se* status, however, this Court liberally construes the Amended Complaint as asserting an Employee Retirement Income Security Act ("ERISA") claim under 29 U.S.C. § 1132(a)(1)(b).[2]  Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009)("Where the plaintiff is a pro se litigant, the court

---

[2]    Defendants interpreted the Amended Complaint as solely asserting a claim for benefits under 29 U.S.C. § 1132(a)(1)(b).  Plaintiff has not disputed their characterization of the Amended Complaint, or claimed that she is entitled to relief based on alleged failures to provide plan benefit information.  See 29 U.S.C. § 1132(c).  As discussed below, however, this Court will afford Plaintiff a final opportunity to explain the nature and basis of her claims in a supplemental submission.

has an obligation to construe the complaint liberally."); Day v. Lockheed Martin Corp., 428 F. App'x 275, 278 (5th Cir. 2011)(holding that common law claims for benefits under a 401(k) plan are preempted by ERISA); Cornejo v. Horizon Blue Cross/Blue Shield of N.J., No. 11-7018, 2012 WL 715553, at *1 (D.N.J. Mar. 5, 2012)(similarly construing a claim under an employee benefits plan).

Defendants contend that the Amended Complaint should be dismissed because of Plaintiff's failure to name the plan as a defendant and because any claim under 29 U.S.C. § 1132(a)(1)(b) is time-barred. Plaintiff does not dispute her failure to name the plan or that her claims are time-barred. With respect to the former purported deficiency, this Court will not dismiss the Amended Complaint on that basis at this time. The Court will, notwithstanding Plaintiff's failure to name the 401(k) plan as a defendant in this action, construe the Amended Complaint as asserting a claim against the plan. Nellons v. Bell Atl.Corp., No. Civ. 03-6137, 2005 WL 1318873, at *1 n.1 (D.N.J. May 26, 2005)(construing a complaint as having properly been brought against the ERISA plan, despite plaintiff's failure to name the plan as a defendant, pursuant to Federal Rule of Civil Procedure 8(e) which requires that pleadings "be construed so as to do justice"). And, in any event, courts have permitted plan

5

beneficiaries to sue their employers where the employer controls the administration of benefits under the plan. Evans v. Emp. Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009)("In a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan."). Here, it is arguable, as pled in the Amended Complaint, that the Defendants control the administration of the 401(k) plan and are therefore proper defendants.

With respect to the second purported deficiency, Plaintiff's claim does appear to be time-barred. 29 U.S.C. § 1132 does not contain its own statute of limitations. See Gluck v. Unisys Corp., 960 F.2d 1168, 1179 (3d Cir. 1992). Instead, this Court "borrows" the state law statute of limitations for the most analogous state action in the forum state. Id. A claim for benefits, like here, is most analogous to a state contract action, which is subject to a six-year statute of limitations under New Jersey law. N.J.Stat.Ann. § 2A:14-1; Kapp v. Trucking Emps. of N.J. Welfare Fund, Inc.-Pension Fund, 426 F. App'x 126, 129 (3d Cir. 2011); See Syed v. Hercules Inc., 214 F.3d 155, 159 (3d Cir. 2000)(cert. denied 531 U.S. 1148);

While New Jersey law governs the statute of limitations time period, the federal discovery rule governs the accrual date for

federal claims. <u>Miller v. Fortis Benefits Ins. Co.</u>, 475 F.3d 516, 520 (3d Cir. 2007). In the ERISA context, the discovery rule has developed into the "clear repudiation rule," under which a claim accrues "when a beneficiary knows or should know he has a cause of action." <u>Id.</u> at 520-21; <u>see also</u> <u>Ozarowsky v. Owens-Illinois, Inc.</u>, No. 09-cv-1622, 2010 WL 2696789, at *5 (W.D. Pa. July 6, 2010)(where there was a missed payment of benefits plaintiff should have "quickly and more readily" discovered that there was no payment, and the statute of limitations began to run from the first missed payment).

    Here, Plaintiff did not initiate this lawsuit until March 7, 2011. Therefore, for the suit to have been timely asserted under New Jersey's six-year statute of limitations, Plaintiff's claim would have had to accrue on or after March 7, 2005. Based on this Court's reading of the Amended Complaint, it appears to have accrued far earlier. Plaintiff should have known of her claim in 1997 when, according to the Amended Complaint, Plaintiff received notice of the distribution of her 401(k) funds but never, in fact, received any distribution. <u>See</u> <u>Miller</u>, 475 F.3d, at 522, 523 (holding that "[t]he beneficiary should exercise reasonable diligence to ensure the accuracy of his award," and "requir[ing] beneficiaries to safeguard those rights upon a denial of benefits"). Under this reading of the Amended Complaint, it is

7

plain that any claim based on her failure to receive money from her 401(k) account would have accrued in 1997, and dismissal based on the statute of limitations would be appropriate. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)(cert. denied 540 U.S. 826)(holding that the statute of limitations is an appropriate basis for dismissal on a motion to dismiss where the dates relevant to the timeliness of the claims are plain and apparent from the complaint).  However, given the continued lack of clarity in the Amended Complaint, this Court will give Plaintiff a final opportunity, before dismissing Plaintiff's Amended Complaint, to provide: (1) a clear recitation of the nature of her claims; and (2) factual allegations sufficient to render those claims plausible, pursuant to Iqbal.

III. Conclusion

    For all these reasons: (1) Defendants' motion to dismiss is ADMINISTRATIVELY TERMINATED; (2) Plaintiff shall have until July 3, 2012 to make a submission clarifying her claims; and (3) Defendants shall have until July 17, 2012 to submit any response to Plaintiff's submission.[3]  In the event Plaintiff does not make a submission, this Court will interpret that failure as an admission that its interpretation of Plaintiff's Amended

---

[3] Plaintiff also made a motion that the Court reject Defendants' motion to dismiss.  [Docket No. 17].  That motion is DENIED as moot.

Complaint is correct, reinstate Defendants' motion to dismiss, and will dismiss Plaintiff's Amended Complaint as time-barred.

                                                             s/Renée Marie Bumb
                                                             RENÉE MARIE BUMB
                                                             United States District Judge

Dated: June 19, 2012