NOT FOR PUBLICATION                    [Docket Nos. 15, 17, 21]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| GREER RAYMOND,<br><br>   Plaintiff,<br><br> v.<br><br>BARRY CALLEBAUT, U.S.A., LLC, BARRY CALLEBAUT AG, and COCOA BARRY U.S., INC.,<br><br>   Defendants. | Civil No. 11-2368 RMB/KMW<br><br>**OPINION AND ORDER** |

Greer Raymond
61 Grayson Circle
Willingboro, NJ 08046
 *Pro Se* Plaintiff

Matthew Jeremy Bass
Robert A. Badman
Curtin & Heefner, LLP
250 N. Pennsylvania Ave.
Morrisville, PA 19067
 Attorneys for Defendants

 **BUMB**, United States District Judge:

 Plaintiff Greer Raymond (the "Plaintiff") claims that Defendants Barry Callebaut, U.S.A., LLC, Barry Callebaut AG, and Cocoa Barry U.S., Inc. (the "Defendants") improperly denied her

1

benefits from her 401(k) account. Defendants have moved for dismissal of Plaintiff's Amended Complaint.

In a prior written Opinion, this Court noted that it had difficulty discerning the nature of Plaintiff's claims, but that it would construe the Amended Complaint as asserting a claim under 29 U.S.C. § 1132(a)(1)(b). <u>Raymond v. Barry Callebaut, U.S.A., LLC</u>, No. 11-2368, 2012 WL 2339916, at *2 (D.N.J. June 19, 2012). The Court noted that, based on its reading of the Amended Complaint, Plaintiff's claim accrued in 1997, when she was put on notice of it through an Internal Revenue Service ("IRS") notice, and was time barred, based on the applicable six year statute of limitations and Plaintiff's filing of her original Complaint on March 7, 2011. <u>Id.</u> at *3. However, because of the lack of clarity in the Amended Complaint, the Court gave the Plaintiff a final opportunity to provide: (1) a clear recitation of the nature of her claims; and (2) factual allegations sufficient to render those claims plausible, as required. <u>Id.</u>

Plaintiff has since submitted an "Affidavit in Support of Amended Complaint." (the "Affidavit"). [Docket No. 20]. The Affidavit validates the Court's prior analysis for two reasons. First, the Affidavit does <u>not</u> dispute the Court's reading of Plaintiff's Amended Complaint that led it to conclude that Plaintiff was on notice of her claim in 1997 by virtue of the IRS

2

notice. Raymond, 2012 WL 2339916, at *3 ("Plaintiff should have known of her claim in 1997 when, according to the Amended Complaint, Plaintiff received notice of the distribution of her 401(k) funds but never, in fact, received any distribution."); See generally Affidavit. Second, Plaintiff's submission provides an additional basis to conclude that Plaintiff was on notice in 1997, even if she had not received notice from the IRS. The Affidavit confirms that Plaintiff's claim is based on an allegedly improper liquidation of her 401(k) account in 1997. Affidavit at ¶ 16; Affidavit at Ex. E. Because 401(k) benefit recipients, like Plaintiff, must use diligence to "safeguard" their rights (See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 522-23 (3d Cir. 2007)), Plaintiff should have known in 1997 that her 401(k) account had been emptied and, by extension, been aware of the claim she asserts here.

Therefore, for both these reasons, Plaintiff's claim accrued in 1997. Raymond, 2012 WL 2339916, at *3 (recognizing that claims accrue when the plaintiff knows or should know she has a cause of action). And, based on the applicable six year statute of limitations and Plaintiff's filing of the Complaint on March 7, 2011, it is time barred. Id. Because Plaintiff's claim is time barred and, on the facts alleged, any amendment to the Amended Complaint would be futile, the Amended Complaint is

DISMISSED with prejudice.  In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)(affirming dismissal, with prejudice, where claims were time barred and amendment would be futile).

While this Court has made every effort to discern the nature and basis of Plaintiff's claims, and believes it has, Plaintiff may move for reconsideration of this Order under Local Rule 7.1(i) in the event she believes that the Court has misinterpreted her submissions or overlooked a relevant fact.

                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: September 14, 2012